UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STATE OF NEW YORK,
                        Plaintiff,

     v.

GRAND RIVER ENTERPRISES SIX NATIONS, LTD.,
NATIVE WHOLESALE SUPPLY COMPANY, INC.,

                        Defendants.
_____

**DECISION and ORDER**

**14-CV-910A(F)**

APPEARANCES:      ERIC T. SCHNEIDERMAN
                             New York State Attorney General
                             Attorney for the Plaintiff
                             DANA BIBERMAN,
                             JOSHUA S. SPRAGUE,
                             Assistant Attorneys General, of Counsel
                             120 Broadway
                             New York, New York   10271

                             FRIEDMAN KAPLAN SEILER & ADELMAN LLP
                             Attorneys for Defendant Grand River Enterprises
                             ERIC O. CORNGOLD,
                             JEFFREY R. WANG, of Counsel
                             7 Times Square, 27th Floor
                             New York, New York   10036

                             WEBSTER SZANYI, LLP
                             Attorneys for Defendant Native Wholesale Supply
                             JEREMY COLBY,
                             NELSON PEREL,
                             KEVIN A. SZANYI, of Counsel
                             1400 Liberty Building
                             Buffalo, New York    14202


**JURISDICTION**

On January 16, 2015, Hon. Richard J. Arcara referred this case to the undersigned for all pretrial matters (Doc. No. 83).  It is presently before the court on

Plaintiff's motion to conduct a pretrial conference and entry of a case management order pursuant to Fed.R.Civ.P. 16 (Doc. No. 77) ("Plaintiff's motion") and Defendants' motions to stay discovery pursuant to Fed.R.Civ.P. 26(c) (Doc. Nos. 80 and 81) ("Defendants' motions to stay discovery") pending Defendants' motions (Doc. Nos. 79 and 81) to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) ("Defendants' motions to dismiss").

## BACKGROUND and FACTS[1]

Plaintiff's Second Amended Complaint alleges violations of 18 U.S.C. §§ 2341 *et. seq.*, the Contraband Cigarette Trafficking Act ("CCTA"), prohibiting knowingly to transport, receive, possess, sell, distribute or purchase contraband cigarettes, *i.e.*, more than 10,000 cigarettes, found in a state without evidence of payment of any applicable state tax, and the Prevent All Cigarette Trafficking Act ("PACT Act"), 15 U.S.C. §§ 375 *et. seq.*, prohibiting interstate cigarette sales, as defined by the statute specifically § 375(9) ("§ 375(9)"), unless the seller has registered with the U.S. Attorney General or the state's tobacco tax administrator and reports information related to such sales as required.  Plaintiff also alleges violations of New York Tax Law, §§ 375-378 imposing an excise tax and prepaid sales tax on cigarettes held for sale in New York state, except for sales to Indians on tribal territory, and New York Tax Law § 480-b requiring cigarette manufacturers to file certifications with the New York Department of Taxation and Finance describing the manufacturer's cigarette brands.

Defendants' motions to dismiss contend that as Defendant Grand River Enterprises Six Nations, Ltd. ("GRE") is solely a Canadian manufacturer of cigarettes Plaintiff cannot plausibly allege it is subject to either the CCTA or PACT Act and that

---

[1]  Taken from the pleadings and papers filed in connection with the instant motions.

Plaintiff's threshold allegation that GRE and Defendant Native Wholesale Supply Company ("NW"), which allegedly purposes most of GRE's cigarettes for distribution, operate as a joint venture, thereby subjecting GRE to liability under these federal statutes based on NW's importation and sales of GRE's Seneca brand cigarettes within New York State, as well as violations of New York tax laws as alleged by Plaintiff, based on the principle of vicarious liability applicable to joint ventures available under New York law, also fails as Plaintiff has not plausibly alleged the existence of the putative joint venture.  Defendant NW contends that as an Indian corporate entity selling to Indian resellers located in Indian territories within New York State, it is exempt from CCTA prohibitions and because Plaintiff fails to allege NW engages in sales to consumers, or satisfies the PACT Act's definition of interstate commerce under 15 U.S.C. § 375(9), Plaintiff cannot plausibly allege NW is subject to the registration and filing requirements of the PACT Act which is limited to cigarette sellers engaged in such "delivery sales" involving consumers, as defined in 15 U.S.C. § 375(5); however, NW does not seek to dismiss Plaintiff's Second Amended Complaint's claims alleging violations of New York State's tax laws.  Defendants accordingly  maintain that given Defendants meritorious contentions in support of Defendants' motions to dismiss, it would be premature and unnecessarily burdensome to Defendants to commence discovery prior to the court's determination of Defendants' motions to dismiss.

 In opposition to Defendants' motions to stay discovery, Plaintiff contends that Plaintiff's allegations that GRE and NW operate as a joint venture for the purpose of manufacturing and distributing millions of untaxed cigarettes into New York state worth hundreds of millions of dollars are based in part on admissions of GRE and NW to this

effect, amply demonstrating, that Plaintiff has plausibly alleged such joint venture thus subjecting GRE to liability under the CCTA, PACT Act and New York Tax Law based on NW's shipments into New York State of untaxed cigarettes as contraband for retail sale on Indian reservations within the state.  Plaintiff also contends that NW's argument that it is beyond the reach of the CCTA and PACT Act because the CCTA exempts NW's cigarette sales to Indian wholesalers and retailers from its coverage is based on basic misconstructions of applicable case law and ignores that NW has not sought to dismiss Plaintiff's state law claims.  Plaintiff further argues that because Defendants' motions to dismiss ultimately will prove to be meritless, granting Defendants' requested stay will unnecessarily delay Plaintiff's entitlement to Plaintiff's requested injunctive relief and substantial monetary damages contrary to the Plaintiff's interest in obtaining the significant tax revenues Defendants have failed to pay on the alleged illegal importation of GRE untaxed cigarettes and the associated detriment to public health in New York state resulting from the lost deterrent effect of higher cigarette prices of presently untaxed, and thus discounted, cigarettes sold at retail within New York State as a result of Defendants' joint venture.

## DISCUSSION

In deciding whether to grant a protective order staying discovery pending a motion to dismiss, courts have discretion in evaluating several factors relevant to considering such motions, *see Deliser v. Miller*, 2014 WL 4626858, at *8 (N.D.N.Y. Sep't. 15, 2014), including the strength of the moving party's showing of an unmeritorious claim; the likely breadth and burden of discovery; and risk of prejudice to the party opposing a stay.  *See Barnes v. County of Monroe*, 2013 WL 5298574, at *1

(W.D.N.Y. Sep't. 19, 2013).  Here, the merits of Defendants' motions to stay turn on several questions relating to the applicability to Defendants' cigarette making and distribution activities of Plaintiff's CCTA and PACT Act claims as well as the viability of Plaintiff's asserted joint venture theory which seeks to hold GRE vicariously liable based on NW's alleged violations of the CCTA, PACT Act and New York's excise and sales tax law applicable to cigarette sales.  *See Zehnick v. Meadowbrook II Associates*, 799 N.Y.S.2d 604, 607 (3rd Dep't. 2005) (recognizing joint venture relationship between parties sufficient to support vicarious liability of one joint venture for actions of the other) (citing *Mondello v. New York Blood Center – Greater New York Blood Program*, 604 N.E.2d 81, 87 (N.Y. 1992) and caselaw).  More specifically, Plaintiff's allegations assume Plaintiff's joint venture theory is available as a ground for CCTA and PACT Act liability, and neither GRE nor NW contend otherwise.

The court notes that discovery against at least NW regarding Plaintiff's state law claims, which are not the subject of NW's motion to dismiss, is likely to proceed regardless of whether GRE and NW succeed on Defendants' motions to dismiss with respect to Plaintiff's CCTA and PACT Act claims and Plaintiff's state claims against GRE, yet the scope and related burdens of discovery could be significantly affected should those federal claims be dismissed.  Additionally, while also recognizing that Defendants' representation in the course of a prior U.S. – Canada trade agreement arbitration proceeding, commenced in 2004, that a joint venture previously existed (which Plaintiff asserts has continued in operation) between Defendants as Plaintiff alleges points toward a finding that Plaintiff's joint venture theory is plausibly pleaded, *see In re Parmalat Securities Litig.*, 421 F.Supp.2d 703, 717 (S.D.N.Y. 2006) (intent of

parties to enter into joint venture "most important element"), yet given that Plaintiff has not specifically alleged the existence of an agreement between Defendants as to profit and loss sharing[2] and this matter is presently before the undersigned for a report and recommendation, it may be wiser to await Judge Arcara's determination on this alleged basis for imposition of vicarious liability under the CCTA and PACT Act against GRE, essential to Plaintiff's federal and state tax law based claims against GRE, and whether it is necessary to plausibly allege each element of Plaintiff's joint venture theory.  *See, e.g., Demian, Ltd. v. Charles A. Frank Associates*, 671 F.2d 720, 723 (2d Cir. 1982) (absence of evidence of profit or loss sharing agreement between parties negates finding of joint venture).   Thus, the court finds that Defendants' contentions in support of Defendants' motion to dismiss are not so insubstantial that discovery should be commenced at this time as Plaintiff requests.  The court recognizes Plaintiff's strong public policy interests, including recovery of lost revenue and realization of future revenue, but finds, at this early stage of the proceedings, that the need for the court to give careful scrutiny to the issues raised by Defendants' motions to dismiss prior to authorizing full discovery, should prevail at this time.

## CONCLUSION

Based on the foregoing, Defendants' motions to stay discovery (Doc. Nos. 80 and 81) are GRANTED; Plaintiff's motion (Doc. No. 77) is DENIED.

---

[2]  Given the apparent extraordinary profitability of the alleged contraband cigarette distribution scheme by Defendants any losses arising from the joint venture appear highly unlikely.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: February 18, 2015
       Buffalo, New York