UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STATE OF NEW YORK,

|                                        | **DECISION** |
|                                        | **and**      |
|                          Plaintiff,    | **ORDER**    |

    v.

GRAND RIVER ENTERPRISES SIX NATIONS, LTD.,      **14-CV-910A(F)**
NATIVE WHOLESALE SUPPLY COMPANY, INC.,

                        Defendants.

_____


APPEARANCES:        LETITIA A. JAMES
                        New York State Attorney General
                        Attorney for the Plaintiff
                        LESLIEANN E. CACHOLA,
                        BRANT B. CAMPBELL,
                        JOHN P. OLESKE,
                        Assistant Attorneys General, of Counsel
                        120 Broadway
                        New York, New York  10271

                        FRIEDMAN KAPLAN SEILER & ADELMAN LLP
                        Attorneys for Defendant Grand River Enterprises
                        ERIC O. CORNGOLD,
                        JEFFREY R. WANG, of Counsel
                        7 Times Square, 27th Floor
                        New York, New York  10036

                        LIPPES MATHIAS WEXLER FRIEDMAN LLP
                        Attorneys for Native Wholesale Supply Company
                        SCOTT S. ALLEN , JR.
                        MICHAEL G. ROSSETTI,
                        DENNIS C. VACCO, of Counsel
                        50 Fountain Plaza, Suite 1700
                        Buffalo, New York 14202


      In this action seeking damages and injunctive relief alleging violations of federal

and state law based on Defendants' failure to prepay excise taxes on cigarettes

manufactured, imported into and resold in New York State by Defendants, Plaintiff and

Defendants, by papers filed June 8, 2020, move for a protective order pursuant to

Fed.R.Civ.P. 26(c).  (Dkt. 191) ("Defendants' motion"), (Dkt. 192) ("Plaintiff's motion").

The parties' protective orders ("PPOs") are nearly identical except that Plaintiff's

PPO permits disclosure of confidential information obtained in discovery, as defined in

the PPO, to "Any law enforcement, government or other regulatory agency," Plaintiff's

PPO ¶ 5g, on condition that such proposed recipient agree to be bound by the Order

with respect to maintaining the confidential status of the Defendants' information, *i.e.*,

documents or other material obtained by Plaintiff.  Plaintiff's PPO, Dkt. 192-2 ¶ 6.

Significantly, Plaintiff's PPO does not limit use of the confidential information by such

agency recipients solely in connection with the instant action, unlike the restriction

placed upon other recipients such as the court, deponents and experts.  Dkt. 192-2 ¶ 4.

In contrast, Defendants' PPO provides for no such 'carve-out' permitting Defendants'

confidential information to be provided to such other governmental agencies.  *See* Dkt.

191 ¶¶ 4, 5 a. – g.

Under Fed.R.Civ.P. 26(c), the court may grant relief from discovery in a civil

action for good cause if such discovery protects a party from "annoyance,

embarrassment, oppression, or undue burden."  ("Rule 26(c)(1)").  The party seeking

relief carries the burden to establish the requisite good cause.  *See Ceglia v.

Zuckerberg*, 2012 U.S. Dist. LEXIS 204440, at * 8-9 (W.D.N.Y. Oct. 17, 2012) (citing

*Gambale v. Deutsche Bank AG,* 377 F.3d 133, 142 (2d Cir. 2004)).  The Rule also

allows for "substantial latitude" in granting relief.  *See Seattle Times Co. v. Rhinehart,*

467 U.S. 20, 36 (1984).  In the absence of a confidentiality agreement or protective

order restricting the scope of a recipient's disposition of information produced in response to a discovery request, a recipient is free to provide such information to non-parties. *See Sampel v. Livingston Cty*, 2019 WL 6695916, at *3 (W.D.N.Y. Dec. 9, 2019) ("Nevertheless, parties are free to disseminate discovery materials that are not placed under a protective order as they see fit.") (citing *Schiller v. City of New York,* 2007 WL 136149, at *2 (S.D.N.Y. Jan. 19, 2007)).  *See also Jepson, Inc. v. Makita Electric Works, Limited*, 30 F.3d 854, 858 (7th Cir. 1994) ("Absent a protective order, parties to a law suit may disseminate materials obtained during discovery as they see fit.") (citing *Oklahoma Hosp. Ass'n v. Oklahoma Pub. Co.,* 748 F.2d 1421, 1424 (10th Cir.1984), *cert. denied,* 473 U.S. 905 (1985)).  The purpose of Rule 26(c) protective orders is to prevent abuses of the otherwise open federal discovery process.  *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984) ("[W]e have no question as to the court's jurisdiction to [enter a protective order pursuant to Rule 26(c)] under the inherent equitable powers of courts of law over their own process, to prevent abuses, oppression, and injustices.") (internal quotation marks and citation omitted); 10A FED. PROC. L. ED. § 26:260 (citing caselaw).  Good cause for a Rule 26(c) protective order exists when the requesting party "'shows that disclosure will result in a <u>clearly</u> <u>defined</u> <u>specific</u> and <u>serious</u> injury.'" *Pitsiladi v. Guerrero*, 2008 WL 5454234, at *3 (S.D.N.Y. Dec. 30, 2008) (quoting *In re Terrorist Attacks on September 11, 2011,* 454 F.Supp.2d 220, 222 (S.D.N.Y. 2006) (quoting *Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005)) (underlining added).

Here, Defendants' objections to Plaintiff's 'carve-out' and assertion of good cause for deletion of Plaintiff's request in Plaintiff's PPO to permit dissemination to sister

3

agencies turn on Defendants' asserted "wish to maintain the current balance between the existing instruments that regulators and law enforcement agencies possess and Defendants' entitlement to due process." Dkt. 191 at 4.  However, the court fails to see how such rhetorical assertions equate to any "clearly defined, specific and serious injury," *Pitsiladi*, 2008 WL 5454234, at *2, that Plaintiff's putative dissemination, if any, could conceivably inflict on Defendants sufficient actual harm to constitute good cause for Defendants' proposed limitation.  On the other hand, courts within this Circuit have recognized "[t]hat information obtained in discovery might reveal other wrongdoing for which [defendant] could be liable does not constitute the good cause required by Rule 26(c)," *EEOC v. United Parcel Service, Inc.* ("*UPS*"), 2018 U.S. Dist. LEXIS 37646, at *13 (E.D.NY. Mar. 5, 2018) (rejecting defendant's assertion that plaintiff's use of discovery information obtained by plaintiff from defendant should be limited to instant litigation only), and that sharing of information obtained during a civil investigation by an agency with the federal prosecutor was not prohibited.  *See United States v. Fields*, 592 F.2d 638, 644-46 (2d Cir. 1978), *cert. denied*, 442 U.S. 917 (1979) (SEC communications of evidence obtained by agency in course of civil investigation to U.S. Attorney did not warrant dismissal of subsequent indictment).  In the instant case, Plaintiff seeks to prohibit further violations of federal and state law with respect to Defendants' alleged continued importation of untaxed cigarettes thereby contributing to the well-documented public health hazard associated with excessive consumption, purchased free of applicable excise taxes, of such cigarettes and related compensatory damages for Defendants' past violations.  That other agencies may have a valid interest in pursuing similar actions against Defendants and benefit from any sharing of

Defendants' confidential information by Plaintiff does not represent abuse of the

discovery process and can be readily justified as in the public interest.  Such motives

attributable to Plaintiff can therefore hardly be characterized as a form of discovery

abuse warranting Rule 26(c) relief.

Based on its review of the parties' respective submissions, the court therefore

finds Defendants have failed to demonstrate good cause to delete paragraphs 4 and 5g

as included in Plaintiff's PPO.  Accordingly, Defendants' motion for a protective order

without such provision should be DENIED; Plaintiff's PPO including such provisions

should be GRANTED.

As to the court's inquiry concerning the need to communicate with this District's

United States Attorney regarding Defendants' involvement in importing and resale of

untaxed cigarettes, the court notes that its findings are contained within the Report and

Recommendation (Dkt. 160) pending before Judge Arcara.  As such, in the absence of

Judge Arcara's determination of this issue based on the R&R, it would be premature to

provide it to the U.S. Attorney at this time.  Moreover, Defendants represent that senior

officials of that office have been apprised about this case.  *See* Dkt. 191 at 9.

Accordingly, the court will defer further action in regard to this subject matter.

## CONCLUSION

Plaintiff's motion (Dkt. 192) for a protective order is GRANTED; Defendants'

motion (Dkt. 191) is DENIED.  Plaintiff shall promptly submit a protective order in a form

consistent with the foregoing for the court's signature.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  July 15th, 2020
        Buffalo, New York