# EXHIBIT 1

**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

---

Washington, DC 20226

www.atf.gov

November 18, 2010

## IMPLEMENTATION OF THE PREVENT ALL CIGARETTE TRAFFICKING ACT OF 2009 (PACT ACT)- TRIBAL CONSULTATION PROCESS

Below is a summary of comments that the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) has received from Tribal Governments and their representatives during the consultation process, including the consultation meeting held on June 8, 2010, and the written comments received in response to ATF's open letter to tribal leaders, relative to the Department of Justice's implementation of the PACT Act. In the near future, ATF will issue an Interpretive Rule that will set forth the Bureau's views on the Act's requirements. Comments will be invited on the interpretive rule. Comments received on or before the closing date, as well as comments already received as part of the consultation process, will be carefully considered and revisions to the rule will be made if they are determined to be appropriate.

### 1. Definition of "Interstate Commerce"

As amended by the PACT Act, the term "interstate commerce" is generally defined in the Jenkins Act to mean commerce between a State and any place outside the State, commerce between a State and any Indian country in the State, or commerce between points in the same State but through any place outside the State or through any Indian country (15 U.S.C. § 375(9)). Several commenters raised multiple questions/concerns regarding the term "interstate commerce:"

- Does it include cigarettes transported between two Indian reservations within a State;
- Does it apply to sales within Indian country and between Indian country; and
- The definition clearly sets forth the notion that the State and Indian country are conceptually different jurisdictions.

*ATF Response*

In the findings section of the PACT Act, Congress stated that the intrastate sale of illegal cigarettes over the Internet has a substantial effect on interstate commerce. Interstate Commerce is defined at 15 U.S.C. § 375(9) to include commerce between points in the same State through any Indian Country. Therefore, as defined by the statute, intrastate

transportation between two separate reservations would be in interstate commerce. As such, the Jenkins Act's reporting requirements in 15 U.S.C. § 376(a), as amended by the PACT Act, apply to sales within and between Indian country. Moreover, shipments made to an Indian reservation must be reported to the State, as States have the ability under their tax laws to tax shipments to reservations if the cigarettes are intended for use by persons who are not members of the local tribe. Should judicial interpretation of these provisions dictate a different analysis, DOJ will reevaluate and adjust our actions accordingly.

## 2. **Reporting Requirements**

A.  As amended, section 376(a) of the Jenkins Act (15 U.S.C. § 376(a)) provides, in part, that any person who sells, transfers, or ships for profit cigarettes or smokeless tobacco in interstate commerce, whereby such cigarettes or smokeless tobacco are shipped into a State, locality, or Indian country of an Indian tribe taxing the sale or use of cigarettes or smokeless tobacco, must comply with certain reporting requirement. Some commenters expressed a concern regarding the phrase "shipped into a State . . . taxing the sale or use of cigarettes." According to the commenters, there are many instances where states do not tax the sale or use of cigarettes on Indian Territory, e.g., New York State, which does not tax sales on Indian reservations, irrespective of whether the consumer is a member of the tribe. The commenters assumed that if shipments are made to an Indian reservation, and those sales are not taxed by the State, this is not considered a shipment whereby the State taxes the sale or use of the cigarettes, and the PACT Act's reporting requirements are not implicated.

*ATF Response*

New York State has the ability to tax shipments to Reservations if the cigarettes are intended for use by persons who are not members of the local tribe. The applicability of the New York State tax to Reservation sales is currently in litigation.

B.  As amended, section 376(a)(2) of the Jenkins Act (15 U.S.C. § 376(a)(2)) provides that any person who sells, transfers, or ships for profit cigarettes in interstate commerce must, among other things, not later than the 10th day of each calendar month, file with the tobacco tax administrator of the State into which such shipment is made, a report covering each and every shipment of cigarettes made during the previous calendar month into such State. The report must contain certain information, including the name, address, and phone number of the person delivering the shipment to the recipient on behalf of the delivery seller. Some commenters interpreted this reporting requirement to apply only to delivery sales, i.e., non face-to-face sales to consumers.

*ATF Response*

The reporting requirement in section 376(a)(2) is not limited to delivery sellers. Under the plain language of the introductory text of 15 U.S.C. § 376(a), reporting applies to "any person who sells, transfers, or ships for profit cigarettes or smokeless tobacco in interstate commerce." As defined in 15 U.S.C. § 375(10), the term "person" means an

individual, corporation, company, association, firm, partnership, society, State government, local government, Indian tribal government, governmental organization of such a government, or joint stock company.

C.  Section 376(a)(2) of the Jenkins Act, 15 U.S.C. § 376(a)(2), provides that not later than the 10th day of each calendar month, any person who sells, transfers, or ships for profit cigarettes in interstate commerce must file with the tobacco tax administrator of the State into which such shipment is made, a memorandum or a copy of the invoice covering each and every shipment of cigarettes made during the previous calendar month into such State.  The memorandum or invoice in each case must include certain specified information, and all invoice or memoranda information relating to specific customers must be organized by city or town and by zip code.  Some commenters advised that it was not clear to them how anyone will know which zip codes contain tribal lands since in their case; the tribal lands do not have a unique zip code.  They asked if tribes send a list of zip codes where tribal lands are located, and a tribe charges a tribal tax, will internet sellers be required to send copies of memorandum of invoices to both tribal and state tax administrators in those zip codes.

*ATF Response*

The responsibility of ensuring that taxes due are collected from a delivery seller lies with the jurisdiction imposing the tax.  If a State, locality, or Tribal government determines a delivery seller is in violation, they can report that delivery seller to ATF.  An investigation will be conducted and if the delivery seller is found to be in violation of the PACT Act, then they will be added to the list of noncompliant delivery sellers.

3.  **Delivery Sales**

As defined in the amended Jenkins Act, 15 U.S.C. 375(5), the term "delivery sale" includes remote shipments of cigarettes to consumers.  The term "consumer," as defined in 15 U.S.C. § 375(4), does not include any person lawfully operating as a manufacturer, distributor, wholesaler, or retailer of cigarettes or smokeless tobacco.  One commenter asked if an entity would be considered a "consumer" if it is tribally-licensed as a distributor or retailer, is operating in accordance with state law, but is not state licensed.

*ATF Response*

A tribal license, in and of itself, does not exempt an entity from the requirements associated with delivery sales unless State law allows tribal licenses in lieu of a State license.

4.  **Distinction Between Cigarettes and Cigars**

Some commenters expressed a concern that ATF should provide additional guidance in its interpretive rule regarding the distinction between cigarettes and cigars, particularly regarding the category of tobacco products known as "little cigars," i.e., clarity regarding the treatment of little cigars under the PACT Act (citing ATF Ruling 73-22.)  The

commenters believe that ATF's regulations should provide additional guidelines for determining whether a tobacco product wrapped in a "substance containing tobacco" is a cigar or a cigarette.

*ATF Response*

As amended, the term "cigarette" is defined in the Jenkins Act, 15 U.S.C. § 375(2), as having the meaning given that term in the Contraband Cigarette Trafficking Act, 18 U.S.C. § 2341, which includes "(A) any roll of tobacco wrapped in paper or in any substance not containing tobacco; and (B) any roll of tobacco wrapped in any substance containing tobacco which, because of its appearance, the type of tobacco used in the filler, or its packaging and labeling, is likely to be offered to, or purchased by, consumers as a cigarette described in subparagraph (A)." ATF does not intend to further address this definition in the regulations because it is a very complex issue that will need to be addressed on a case-by-case basis.

## 5. Applicability of the PACT Act and Jenkins Act

Several commenters contended that the PACT Act and the Jenkins Act (as initially enacted and as amended by the PACT Act) are not applicable to the Seneca People or to Seneca tribal members licensed by the Seneca Nation because these laws purport to set forth legal requirements that infringe upon the inherent sovereignty of the Seneca People and violate treaties between the Seneca People and the United States.

*ATF's Response*

It is ATF's position that the Jenkins Act and the PACT Act apply equally to all persons, including Native Americans, absent a specific statutory exemption (which is not present in the PACT Act) or a treaty right. To the extent that any tax immunity issues (such as treaty rights, tax compact provisions, and common law principles) are raised as an affirmative defense to ATF's enforcement of the PACT Act, ATF will consult with DOJ officials to evaluate these issues as appropriate.

## 6. Interpretation of Treaties

ATF was asked if it would engage any Seneca or Haudenosaunee tribal members as experts to properly define and explain the scope and impact of the Canandaigua and Buffalo Creek treaties on any attempt by the Federal Government to apply and/or enforce the PACT Act to the "delivery sale" of cigarettes and smokeless tobacco products to non-Indians by those Seneca tribal members that have been licensed by the Seneca Nation of Indians to engage in such sales.

*ATF Response*

ATF welcomes Tribal views on treaty interpretations.

## 7. List of Unregistered or Noncompliant Delivery Sellers

A. As amended, section 376a(e) of the Jenkins Act, 15 U.S.C. § 376a(e), requires the Attorney General of the United States to, not later than 90 days after enactment of the PACT Act, compile a list of delivery sellers of cigarettes or smokeless tobacco that have not registered with the Attorney General as specified in section 376(a)(1), or that are otherwise not in compliance with the Jenkins Ac. ATF was asked what factors will determine whether a tribal entity is placed on the "initial" list of noncompliant delivery sellers. In addition, some commenters contended that tribal governments should be entitled to the list of noncompliant delivery sellers.

*ATF Response*

Any person or entity who ATF is aware of who engages in "delivery sales" as defined at 15 U.S.C. § 375(5), and who fails to register with ATF as required by 15 U.S.C. § 376 (a)(1), is subject to being included on the noncompliant list under 15 U.S.C. § 376a(e). Additionally, any delivery seller that ATF has determined has failed to comply with any other lawful provision of the PACT Act will be cause for placement on the list. The procedures are being developed as of September 2010. The fact that a registration has not been received by ATF or the State in which a delivery seller conducts a delivery sale would constitute grounds for placement on the list. The list will be published as soon as all information is received and deemed accurate. ATF further notes that since 15 U.S.C. § 376a(e)(1)(A)(i)(III) allows ATF to provide the list to "any other person" that it determines "can promote the effective enforcement of this [Jenkins] Act," the list will be made available to interested tribal governments.

B. Section 376a(e)(1)(E) of the Jenkins Act, 15 U.S.C. § 376a(e)(1)(E), provides that in preparing the list of noncompliant delivery sellers the Attorney General must "use reasonable procedures to ensure maximum possible accuracy and completeness of the records and information relied on for the purpose of determining that a delivery seller is not in compliance with the Jenkins Act. ATF was asked several questions regarding this provision of the law: (1) has ATF developed these procedures yet, (2) will these procedures be published by June 29, (3) has ATF already determined what type of records and information it will consider in evaluating whether a "delivery seller is not in compliance" with the PACT Act, and (4) will this information be published by June 29.

*ATF Response*

The procedures are in the process of development as of September 2010. The fact that a registration has not been received by ATF or the State in which a delivery seller conducts a delivery sale would constitute grounds for placement on the list. The list will be published as soon as all information is received and determined to be accurate.

C. Some commenters stated that ATF should not adopt regulations that require the United States Attorney to prosecute each reported violation.

*ATF response*

- 6 -

ATF cannot compel U.S. Attorney's Offices to prosecute cases.

## 8. Tribal Tax

ATF was advised of a State that collects its cigarette excise tax at wholesale by selling its stamps to wholesalers, who then stamp each pack. The tribe charges its cigarette excise tax at retail, not wholesale. When the wholesaler purchases tribal stamps, they pay no tribal tax, and then stamp each cigarette pack. Unless the tribe is informed of the delivery, it will not know a sale has taken place, and it will be unable to collect the tribal tax. ATF was asked how the new regulations will ensure that the tribe collects its tribal tax.

*ATF Response*

The PACT Act does not dictate how a taxing authority should collect its tax.

## 9. Definition of the Term "Consumer"

As amended by the PACT Act, the Jenkins Act defines the term "consumer" in 15 U.S.C. § 375(4) to mean any person that purchases cigarettes or smokeless tobacco. The term does not include any person lawfully operating as a manufacturer, distributor, wholesaler, or retailer of cigarettes or smokeless tobacco. It was brought to ATF's attention that the term "lawfully operating" is not defined in the law. According to some commenters, all limitations on a state jurisdiction remain intact. These limitations foreclose any possibility that "lawfully operating" means compliance with state civil and regulatory law within Indian country. It was argued that "lawfully operating" should be interpreted to mean an entity that operates under tribal law and regulations.

*ATF response*

ATF has determined that "lawfully operating" means compliance with applicable Federal, State, and Tribal Laws.

ATF is committed to working with the Tribal Governments as the process of implementing the PACT Act moves forward.

Crisanto Perez, Jr.
Division Chief
Alcohol and Tobacco Diversion Division