# EXHIBIT 2



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco, Firearms and Explosives

Washington, DC 20226

www.atf.gov

NOV 1 2 2019

Eric Corngold, Esq.
Friedman Kaplan
7 Times Square
New York, NY 10036-6516

Dear Mr. Corngold:

## INTRODUCTION

On August 12, 2019, New York State nominated Grand River Enterprises, Inc., Six Nations, Ltd. of Ohswekin, Ontario, Canada (GRE) for placement on the Prevent All Cigarette Trafficking (PACT Act) non-compliant list. Placement on this list may affect their business' ability to deliver cigarettes and smokeless tobacco throughout the United States. The PACT Act prohibits common carriers from delivering cigarettes and smokeless tobacco if the sender is on the non-compliant list. 15 U.S.C. § 376(e)(2). We sent you a letter on August, 29, 2019 stating that the New York State Attorney General's Office contacted the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), which enforces the Prevent All Cigarette Trafficking (PACT) Act, and has received information that GRE transferred, or shipped cigarettes into New York State and failed to comply with the PACT Act and has requested that GRE should be placed on the PACT Act Non-Compliance list. Our letter stated that you have not registered or filed a report with the State of New York as required and that you are currently making or aiding and abetting shipments into New York State, Therefore, you are failing to comply with 15 U.S.C. § 376(a)(1) and (a)(2). Additionally, our information indicates you are making, or aiding and abetting, delivery sales, sales to consumers as defined under 15 U.S.C. § 375(4) in that the sales are to persons who are not lawfully operating as wholesalers, distributors or retailers of contraband cigarettes and the sales involve cigarettes that do not have all applicable State taxes and State tax stamps in violation of 15 U.S.C. § 376a(3)(A) and (B).

You sent us a reply on September 25, 2019 stating that GRE is not a delivery seller as defined under the PACT Act as it only sells to federally licensed importers. You stated that GRE also does not engage in any activity which constitutes interstate commerce under the PACT Act. You also stated that the GRE was not involved in the PACT Act based on submissions of Native Wholesale Supply Co. (NWSC). You also indicated that you incorporated NSWC's response into your response. We forwarded your reply to New York State so that they could address your contentions. On November 4, 2019, New York State sent us the attached reply. We have reviewed all the materials that have been submitted as well as the responses submitted by your

Eric Corngold, Esq.

distributor, Native Wholesale Supply Co. (NWSC). After reviewing all of these materials and the governing case law, we find that you failed to file required PACT reports and failed to register with New York State in violation of 15 U.S.C. § 376(a)(1) and (a)(2) and/or aided and abetted NWSC's violations of these provisions. Additionally, you are making or aiding and abetting, delivery sales, sales to consumers as defined under 15 U.S.C. § 375(4) in that the sales are to persons who are not lawfully operating as wholesalers, distributors or retailers of cigarettes and the sales involve cigarettes that do not have all applicable State taxes and State tax stamps, and may not be lawfully sold in New York State as the cigarettes are not on the New York cigarette directory and are not in compliance with New York fire safety and control laws  and therefore do not comply with  tax, stamping and  other payment or legal requirements related to the distribution of cigarettes in violation of 15 U.S.C. § 376a(3)(A), (B) and (D). We note that we also find for the reasons set forth in our attached letter placing NWSC on the non-compliant list, which is incorporated in this response that NWSC and you as co-venturer/aider or abettor are in violation of PACT Act. Accordingly, you will be placed on the non-compliant list effective November, 15, 2019.

## BACKGROUND

The PACT Act, became effective on June 29, 2010, requires anyone engaged in such business activity to first file with the Attorney General of the United States, register with the State tobacco tax administrator of the States in which they do business, provide agents for service of process in the States in which they do business, and provide detailed reports to the tax administrators of these States regarding delivery sales into the States that enable the State tax administrators to collect tobacco taxes due from their residents. The Act also provides that the Attorney General will establish a list of delivery sellers who fail to comply with the provisions of the PACT Act.

The PACT Act provides, in pertinent part:

15 U.S.C. § 375. Definitions

(9) Interstate Commerce

(A)   The term "interstate commerce" means commerce between a State and any place outside the State, commerce between a State and any Indian country in the State, or commerce between points in the same State but through any place outside the State or through any Indian country.

15 U.S.C. § 376. Reports to State tax administrator

a.   <u>Contents</u>. Any person who sells, transfers, or ships for profit cigarettes or smokeless tobacco in interstate commerce, whereby such cigarettes or smokeless tobacco are shipped into a State, locality, or Indian country of an Indian tribe taxing the sale or use of

-3-

Eric Corngold, Esq.

        cigarettes or smokeless tobacco or who advertises or offers cigarettes or smokeless tobacco for such sale, transfer, or shipment, shall–

    (1)    first file with the Attorney General of the United States and with the tobacco tax administrators of the State and place into which such shipment is made or in which such advertisement or offer is disseminated a statement setting forth his name and trade name (if any), and the… name, address, and telephone number of an agent in the State authorized to accept service on behalf of the person;

    (2)    no later than the 10th day of each calendar month, file with the tobacco tax administrator of the State into which such shipment is made, a memorandum or a copy of the invoice covering each and every shipment of cigarettes or smokeless tobacco made during the previous calendar month into such State; the memorandum or invoice in each case to include the name and address of the memorandum or invoice in each case to include the name and address of the person to whom the shipment was made, the brand, the quantity thereof, and the name, address, and phone number of the person delivering the shipment to the recipient on behalf of the delivery seller, with all invoice or memoranda information relating to specific customers to be organized by city or town and by zip code;

## ANALYSIS

GRE is engaged as business partners or "co-venturers" with NWSC wherein you have shipped, distributed and sold millions of unreported, untaxed cigarettes, none of which were reported to New York State, in a joint venture with NWSC. None of these cigarettes had the required New York State tax stamp. *State of New York v. Grand River Enterprises Ltd.,* 2019 U.S. Dist. LEXIS 21588 at *3-4 (W.D. N. Y. 2019): *Accord State of New York v. Mountain Tobacco*, Case No. 17-3198 Slip. Op at 22-24 (2d Cir. 11/7/2019) (under PACT Act, shipment to an Indian Reservation is also a shipment into a State, terms are not mutually exclusive and shipment is in interstate commerce). The Second Circuit found that these shipments were into New York State and therefore were in interstate commerce as defined by the PACT Act. *Id.* In this joint venture have not registered or filed a report with the State of New York as required and that you are currently making or aiding and abetting shipments into New York State which are not reported as required under the PACT Act. Therefore, you are failing to comply with 15 U.S.C. § 376 (a)(1) and (a)(2). *See Id.* at *9 noting PACT Act requires filing of reports with all jurisdictions including States and localities citing *City of New York v. Wolfpack Tobacco*, 2013 U.S. Dist. LEXIS 129103 ( S.D. N. Y. 2013) and *New York v. Gordon*, 1 F. Supp. 3d 94, 100-01 (S.D.N.Y. 2013).

Additionally, you are making, or aiding and abetting, delivery sales, sales to consumers as defined under 15 U.S.C. § 375(4) in that the sales are to persons, who are not lawfully operating as wholesalers, distributors or retailers of cigarettes, and the sales involve cigarettes that do not

-4-

Eric Corngold, Esq.

have all applicable State taxes and State tax stamps in violation of 15 U.S.C. § 376a(3)(A) and (B) and are not in compliance with other legal requirements related to the distribution of cigarettes in violation of 15 U.S.C. § 376a(3)(D). Unlike 15 U.S.C. § 376(a) there is no requirement that these sales must be in interstate commerce, *see* 15 U.S.C. § 375 (5) (definition of delivery sale does not use term interstate commerce, but references orders placed not in the presence of a person through telephone, internet, voice transmission or other means). *See City of New York v. Hatu*, 2019 U.S. Dist. LEXIS 91576 (S.D. N. Y. 2019) at *46-47 (no requirement of establishing interstate commerce necessary to establish delivery sales and intrastate transaction is a delivery sale).

## NWSC's CUSTOMERS ARE NOT LAWFULLY OPERATING UNDER NEW YORK LAW AND ARE CONSUMERS AS DEFINED BY THE PACT ACT

Under the PACT Act, anyone who engages in a "delivery sale" of cigarettes and smokeless tobacco to a consumer into a State, locality or Indian Country is subject to extensive regulatory requirements and must comply with the laws of all governments having jurisdiction regarding these sales. They also must supply information concerning the amount shipped, the person to whom the tobacco is shipped and the person making the shipment on behalf of the delivery seller. *See* 15 U.S.C. § 376(a)(2). This information assists these governmental entities in collecting taxes from the recipients of delivery sales. The term "delivery sale" is defined in the PACT Act as follows:

> Delivery sale. The term "delivery sale" means any sale of cigarettes or smokeless tobacco to a consumer if—
>
> (A) the consumer submits the order for the sale by means of a telephone or other method of voice transmission, the mails, or the Internet or other online service, or the seller is otherwise not in the physical presence of the buyer when the request for purchase or order is made; or
>
> (B) the cigarettes or smokeless tobacco are delivered to the buyer, common carrier, private delivery service, or other method of remote delivery, or the seller is not in the physical presence of the buyer when the buyer obtains possession of the cigarettes or smokeless tobacco.

15 U.S.C. § 375(5).

-5-

Eric Corngold, Esq.

The term "consumer" is defined as follows:

The term "consumer"—

(A) means any person that purchases cigarettes or smokeless tobacco; and (B) does not include any person lawfully operating as a manufacturer, distributor, wholesaler, or retailer of cigarettes or smokeless tobacco.

15 U.S.C. § 375 (4).

A consumer under the PACT ACT thus includes any person who makes a purchase of cigarettes or smokeless tobacco. Purchases by persons lawfully operating as manufacturers, distributors or retailers of cigarettes or smokeless tobacco are not sales to "consumers" under the PACT Act. However, remote purchases by persons who are not lawfully operating as manufacturers, wholesalers or retailers of tobacco are not considered purchases by "consumers" under the PACT Act, and therefore, any person or entity making such sales is a delivery seller and must comply with the PACT Act's regulatory requirements.

Pursuant to 15 U.S.C. § 376(a)(3), all delivery sales into a specific State and place must comply with State laws involving excise taxes, licensing and stamp requirements and other payment or legal obligations relating to the sale or delivery of the cigarettes or smokeless tobacco. You and NSWC are not complying with these requirements.

NWSC's primary remote customers are not licensed stamping agents in New York who may lawfully receive unstamped cigarettes. These business are distributing untaxed cigarettes in violation of New York State tax laws. Additionally, the brands you are distributing Seneca and Heron are not compliant with New York State directory laws and fire safety and control laws. Furthermore, we have reason to believe that you and your and NSWC's customers are possessing, distributing more than 10,000 unstamped cigarettes in violation of the Contraband Cigarette Trafficking Act, 18 U.S.C. § 2342(a). Accordingly, NWSC's customers are not lawfully operating under applicable New York and Federal laws and sales to these customers are considered delivery sales to consumers under the PACT Act. *See City of New York v. Hatu*, 2019 U.S. Dist. LEXIS 91576 at *47-48 (distributors who are not lawfully operating are consumers under the PACT Act).

Courts have held in multiple cases involving your company any and other distributors that Native American Manufacturers must contribute to State escrow funds and comply with the MSA. *See Grand River v. Pryor*, 481 F.3d 60 (2d Cir, 2007) (Court properly denied preliminary injunction sought by your company and allowed banning of sales of GRE products which were in violation of the MSA); *See e.g. State v. Maybee*, 148 Idaho 520, 224 P.3d 1109 (2010) (Idaho Supreme Court rejects constitutional and other challenges by Seneca cigarette distributor who shipped millions of cigarettes into Idaho in violation of Idaho complimentary statutes); *Accord State v. Native Wholesale Supply*, 2013 WL 4107633 (S. Ct. Idaho 8/15/2013). *See also Oklahoma v.*

-6-

Eric Corngold, Esq.

*Native Wholesale,* 2014 OK 49 (Ok. 2014) (Oklahoma Supreme court holds that NWSC violated MSA complimentary statutes and must disgorge more than 47 million dollars of gross receipts noting that your co-venturer NWSC purposefully targeted the Oklahoma market and reaped benefits of the distribution involving untaxed cigarettes manufactured by your company which were shipped into Oklahoma and cannot evade public policy of laws enacted by Oklahoma and shift health care burden to the State). In light of this, the distribution and sale of cigarettes that are not permitted to be sold in a State may be a factor in considering whether a business entity is lawfully operating under the PACT Act. The cigarettes that you distribute, Seneca or Heron cigarettes, are not on the New York directory and are not in compliance with New York fire safety and control laws and may not be legally imported into, purchased or sold in the state. Thus, your customers are not lawfully operating when they illegally distribute these cigarettes.

In New York State all cigarettes, including cigarettes sold on Native American Reservations must possess New York State tax stamps. New York currently imposes a $4.35 per pack excise tax on all non-exempt cigarettes sold in the State. N.Y. Tax Law § 471(1) (McKinney 2010). The consumer bears the "ultimate incidence of and liability for the tax," *id.* § 471(2), and willful evasion of the ] tax is a misdemeanor, *id.* § 1814(f). New York's Department of Taxation and Finance ("Department") "precollects" the tax from a limited number of state-licensed stamping agents, *see id.* § 471(2), and mandates that these agents be the only entry point for cigarettes into New York's stream of commerce, N.Y. Comp. Codes R. & Regs. tit. 20, § 74.3(a)(1)(iii) (2010). Stamping agents, often wholesalers themselves, purchase tax stamps from the State and cigarettes from manufacturers. Before selling the cigarettes to other wholesalers or retailers, agents must affix a stamp to each pack of cigarettes to demonstrate payment of the tax. *Id.* § 74.3(a)(2). Agents incorporate the cost of the stamp into the pack's price and pass the cost along the distribution chain to the consumer. N.Y. Tax Law §§ 471(2),(3). *See Oneida v. Cuomo,* 645 F. 3d 154, 157 (2d Cir. 2011). New York State tax law requires all cigarettes including cigarettes sold on Native American reservations to be stamped. *Id.* at 160. The Contraband Cigarette Trafficking Act, 18 U.S.C. § 2342(a) makes it a Federal felony to receive, transport, sell or possess more than 10,000 unstamped cigarettes. We have reason to believe that, in addition to violating the aforementioned State tax laws, you and/or NSWC are distributing more than 10,000 unstamped cigarettes to your customers who are possessing these cigarettes in violation of the CCTA.

The law is settled that Indians are not exempt from the CCTA. *See Grey Poplars Inc. v. 1,371,100 Assorted Brands of Cigarettes,* 282 F.3d 1175, 1177 (9th Cir. 2002)("the CCTA is a federal statute of general applicability and it applies equally to Indians, even on the reservation, as it does to others"); *United States v. Baker,* 63 F.3d 1478, 1483 n.1 (9th Cir. 1995)("we hold Indians are not exempt from the CCTA"); *United States v. 1,920,000 Cigarettes,* No. 02-CV-437A, 2003 U.S. Dist. LEXIS 12603, 2003 WL 21730528 (W.D.N.Y. Mar. 31, 2003)(in seizure action for cigarettes destined for delivery to the Ojibwas Trading Post located on the Cattaraugus Indian Reservation, Seneca Nation of Indians, the court found claimants' argument that the CCTA is not a statute of general applicability because it does not specifically state that it applies

Eric Corngold, Esq.

to Native Americans to be without merit). *Accord United States v. Morrison*, 686 F. 3d 94 (2d Cir. 2013) (CCTA prosecution involving sales of untaxed cigarettes in Native American Reservation). As set forth in *City of New York v. Golden Feather Smoke Shop, Inc.*, No. 08-CV-3966 (CBA), 2011 U.S. Dist. LEXIS 149748, New York Tax Law § 471 has been found to serve as the basis for claims under the CCTA with regards to cigarettes sold from a reservation to non-tribal members).

We note that when a word or phrase such as "lawfully operating" is used but not defined within a statute, it is normally given its ordinary, common sense or natural meaning. *See Perrin v. United States*, 444 U.S. 37, 42 (1979). Distributors who are depriving New York of tobacco taxes by distributing unstamped, untaxed cigarettes to non-Tribal members in violation of New York law; selling brands of cigarettes that are in violation of New York complimentary statutes and state safety laws; operating in violation of New York State tax and regulatory statutes, and possessing and distributing untaxed and unstamped cigarettes in violation of the Contraband Cigarette Trafficking Act (CCTA), are not "lawfully operating" distributors and sales to these persons are sales to consumers under the PACT. Your failure to comply with applicable State regulatory and tax laws as well as the CCTA regarding these sales constitutes multiple violations of the PACT Act.

Under 18 U.S.C. § 2, one who aid and abets an offense is liable as a principal. Aiding and abetting of a crime occurs when a defendant willfully associates himself with a criminal venture, the defendant participated in the venture as something he wished to bring about, and defendant sought by his actions to make it succeed. *See United States v. Freeze*, 707 F.2d 132 (5th Cir. 1983). NWS only sold GRE cigarettes and GRE was dependent upon NWS to distribute the untaxed cigarettes in violation of New York law, helped finance the operations, shared the profits and certainly sought that this joint venture should succeed. *See State of New York v. Grand River Enterprises Ltd.*, 2019 U.S. Dist. LEXIS 21588 at 2-4, 29-30. The case law clearly supports that entities which knowingly supply illegal distribution operations are liable as aiders and abettors. *See Armament Services Int. v. A.G.USA*, 760 Fed. Appx. 114, 118-18 (3d Cir. 2019) (ATF properly denied firearms license based on person aiding and abetting others in Gun Control Act violations); *United States v. Helms*, (W.D. Va. 2001) (supplier of sugar to illegal Moonshine operations convicted of racketeering violations); *United States v. Giuliano*, 263 F.2d 582 (3rd Cir. 1959) (delivery of supplies to an illegal liquor manufacturing operation including yeast, sugar and cans is sufficient to establish that defendant aided and abetted an illegal liquor distribution operation); *United States v. Grunsfeld*, 558 F.2d 1231 (6th Cir. 1977) (defendants who supplied equipment and chemicals necessary for defendants to manufacture PCP liable as aiders and abettors in production of PCP); *United States v. Weigelt*, 825 F.2d 412 (6th Cir. 1987) 1987 U.S. App. Lexis 10436 (1987) (sale of paper tubes used in the manufacture of illegal fireworks constitutes sufficient evidence to convict defendant of aiding and abetting the illegal distribution of fireworks); *United States v. Evans*, 712 F. Supp. 1435 (D. Mont. 1989) (defendants who provided unregulated pieces of metal to individuals with knowledge that the individuals used the pipe to manufacture machine guns liable for aiding and abetting the illegal production of

-8-

Eric Corngold, Esq.

machine guns and court rejects defendants argument that they are entitled to a presumption that the materials will be used lawfully).

**CONCLUSION**

You and NSWC failed to file required PACT reports and failed to register with New York State. Thus, we find that you violated or aided and abetted violations of 15 U.S.C. § 376(a)(1) and (a)(2). Additionally, you are making or aiding and abetting, delivery sales, sales to consumers as defined under 15 U.S.C. § 375(4) in that the sales are to persons who are not lawfully operating as wholesalers, distributors or retailers of cigarettes and the sales involve contraband cigarettes that do not have all applicable State taxes and State tax stamps and do not comply with other payment or legal requirements related to the distribution of cigarettes in violation of 15 U.S.C. § 376a(3)(A), (B), and (D). Therefore, we are placing you on the non-compliant list effective November, 15, 2019.   Please inform us of any changes in your operation, including ceasing supplying directly or indirectly, NWSC or other entities in New York State with cigarettes in violation of New York State law, which could bring your operations into compliance with the PACT Act.

       Sincerely yours,

       *Kevin C O'Keefe*

       Kevin C. O'Keefe
      Chief, Operational Intelligence Division

Attachments



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE  
HEALTH CARE BUREAU

August 12, 2019

**Via UPS**
David Marshall
PACT Act Coordinator
Bureau of Alcohol, Tobacco, Firearms & Explosives
Alcohol Tobacco Enforcement Branch
99 New York Avenue NE, Mailstop 7S 233
Washington, DC 20226

**Re:   PACT Act – Request for Listing Grand River Enterprises Six Nations, Ltd**

Dear Mr. Marshall:

Pursuant to 15 U.S.C. §§ 376a(e)(1)(D), (6)(A), New York requests that the following person be added to the PACT Act list of unregistered or noncompliant delivery sellers:

Grand River Enterprises Six Nations, Ltd ("Grand River")
2176 Chiefswood Road
Ohsweken, Ontario N0A 1M0
Canada

Companies that sell, transport or ship cigarettes into New York State are required to register with the New York State Department of Taxation and Finance ("NYSDTF"), New York State's tobacco tax administrator, (*see* 15 U.S.C. § 376(a)(1)), as well as with the Bureau of Alcohol, Tobacco, Firearms & Explosives (*id.*). Despite selling, transporting or shipping cigarettes into New York State, as described below, Grand River is not registered with the NYSDTF, as a licensed and registered cigarette tax agent, wholesale dealer, or retail dealer in the state of New York. Nor has the company submitted its PACT Act registration or any of its required monthly reports or invoices to the NYDTF. *See* 15 U.S.C. § 376(a)(2).

The New York State Office of the Attorney General ("NYAG") sent Grand River and its counsel a letter dated June 26, 2019 (Exhibit A) notifying them that Grand River was not registered with the NYSDTF as required under the PACT Act and that failure to register with the NYSDTF will result in a referral to ATF for Grand River's listing as a non-compliant delivery

David Marshall
August 12, 2019
Page 2

seller. Counsel for GRE responded in a letter dated July 11, 2019 (Exhibit B) that they "disagree[d] with the State's PACT Act analysis" and sought clarification of the information that the State possessed demonstrating PACT Act violations.

The NYAG replied to Grand River's July 11, 2019 letter informing Grand River that the NYAG possesses Grand River invoices[1] indicating that Grand River sold, transferred, or shipped cigarettes into New York State and/or Indian country (Exhibit C - NYAG letter to Grand River dated July 23, 2019).

We therefore request that Grand River be added to the list of unregistered or noncompliant delivery sellers maintained by your office under 15 U.S.C. § 376a(e)(1) for the violation of 15 U.S.C. § 376a(e)(6)(A)(i)(II) (providing for addition of any seller that "has failed to register with or make reports to the respective tax administrator as required by this chapter").

Very truly yours,

*B. T Campbell*

Brant Campbell
Assistant Attorney General, Health Care Bureau
T: 212.416.6004
e-mail: brant.campbell@ag.ny.gov

Enclosures:  Exhibits A - C

---

[1] The Grand River invoices show shipments of cigarettes from Grand River's place of business in Canada to locations within New York, including Indian country located in New York State.