UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| STATE OF NEW YORK,<br>         Plaintiff,<br>   v.<br><br>GRAND RIVER ENTERPRISES SIX NATIONS, LTD.,<br>NATIVE WHOLESALE SUPPLY COMPANY, INC.,<br><br>         Defendants. | **DECISION**<br>**and**<br>**ORDER**<br><br>14-CV-910A(F) |

_____

APPEARANCES:   LETITIA A. JAMES
               New York State Attorney General
               Attorney for the Plaintiff
               LESLIEANN CACHOLA,
               BRANT B. CAMPBELL,
               CHRISTOPHER K. LEUNG,
               JOHN P. OLESKE,
               Assistant Attorneys General, of Counsel
               120 Broadway
               New York, New York  10271

               FRIEDMAN KAPLAN SEILER & ADELMAN LLP
               Attorneys for Defendant Grand River Enterprises
               ERIC O. CORNGOLD,
               JEFFREY R. WANG, of Counsel
               7 Times Square, 27th Floor
               New York, New York  10036

               LIPPES MATHIAS WEXLER FRIEDMAN LLP
               Attorneys for Defendant Native Wholesale Supply
               SCOTT S. ALLEN,
               MICHAEL G. ROSSETTI,
               DENNIS C. VACCO, of Counsel
               1400 Liberty Building
               Buffalo, New York   14202

In a Decision and Order filed December 15, 2020 (Dkt. 225), the court granted in part and denied in part Plaintiff's motion to compel Defendants' document production, interrogatory answers, and witness information pursuant to mandatory disclosure requirements ("the D&O").  More specifically, Plaintiff's motion requested documents

pertaining to Defendants' business operations involving the manufacture and shipment of cigarettes into New York State and elsewhere, on which New York State's required excise tax had not been prepaid, answers to interrogatories directed to the present ownership of Defendant NWS, the rationale for Defendants' 2013 change in the F.O.B. point for Defendants' cigarette shipments to NWS in New York State from Defendant GRE in Ontario, and witness contact information required by Fed.R.Civ.P. 26(a)(1)(A)(i) ("Rule 26(a)(1)(A)(i)").  In the D&O, the court granted Plaintiff's motion in part as Defendants agreed to produce in response to Plaintiff's document requests documents limited to Defendants' activities regarding Defendants' shipment and sales of the untaxed cigarettes within New York State, a limitation with which the court agreed. D&O at 9 (disallowing production for Defendants' activities outside New York State). The court also found Defendants had failed to provide answers to Plaintiff's interrogatories upon oath as required by Fed.R.Civ.P. 33(b)(3) rendering Defendants' answers deficient including with respect of NWS's current ownership, D&O at 10, that Defendants' objections to Plaintiff's interrogatory directed to Defendants' change of F.O.B. for Defendants' cigarette shipments was meritless, *id.*, and, contrary to Defendants' objection, Plaintiff was entitled to Defendants' witness contact information required by Rule 26(a)(1)(A)(i). D&O at 10-12.

As regards Defendants' motion to compel Plaintiff's document production, the court determined Defendants' motion based on Defendants' requests seeking documents directed to Plaintiff's authority to enforce, in this lawsuit, Plaintiff's cigarette tax laws against Defendants given Plaintiff's record of "forbearance" in such enforcement regarding sales of untaxed cigarettes by Indian retail sellers to non-Indians on Indian reservations over a prior period, was without merit for lack of relevance to

Defendants' putative equitable defenses,[1] D&O at 15-25, and proportionality as required by Fed.R.Civ.P. 26(b)(1) as Plaintiff contended.  D&O at 25-27.  Defendants also demanded Plaintiff serve a privilege log as Plaintiff had, according to Defendants, agreed to do, which request the court granted. D&O at 27.

Because the court determined Plaintiff's and Defendants' motions were meritorious, in part, the court required the parties show cause why sanctions, including reasonable attorneys fees, as the parties had also requested should not be awarded pursuant to Fed.R.Civ.P. 37(a)(5)(A) ("Rule 37(a)(5)(A)") and Fed.R.Civ.P. 37(a)(5)(B) ("Rule 37(a)(5)(B)") ("the OTSC").  Presently before the court are Plaintiff's and Defendants' Responses to the court's OTSC filed January 29, 2021 (Dkt. 231) (Defendants); Dkt. 232 (Plaintiff); the parties' replies were filed February 12, 2021 (Dkt. 234) (Defendants); Dkt. 235 (Plaintiff).  Plaintiff's surreply was filed February 26, 2021 (Dkt. 237).  Defendants' response to Plaintiff's surreply was filed March 10, 2021 (Dkt. 241).  Oral argument was deemed unnecessary.

Under Rule 37(a)(5)(A), in resolving motions to compel discovery, court are required to award the successful party's expenses incurred in connection with its motion, including its reasonable attorneys fees, unless the opposing party's refusal to provide the discovery at issue was substantially justified, the award would be unjust in the circumstances and further provided the moving party had complied with Fed.R.Civ.P. 37(a)(1) ("Rule 37(a)(1)") requiring a good faith effort, prior to filing the motion, to avoid court intervention, as well as an allocation of such expenses between a party and counsel whose conduct necessitated the motion.  *See Rosehoff, Ltd. v.*

---

[1] Defendants have filed a motion to dismiss the Third Amended Complaint ("TAC") and thus have not answered Plaintiff's Third Amended Complaint; Defendants' equitable defenses were, however, asserted in Defendants' Answers to the Second Amended Complaint.  Dkts. 122 and 124,  The equitable defenses are listed in the D&O at 15 n. 2.

*Truscott Terrace Holdings LLC*, 2016 WL 2640351, at * (W.D.N.Y. May 10, 2016) (allocating pursuant to Fed.R.Civ.P. 37(a)(5)(A) responsibility for moving plaintiff's attorneys fees equally between defendants and defendants' attorney and citing *Brown v. Tellermate Holdings Ltd.*, 2014 WL 2987051, at **18, 24 (S.D.Oh. July 1, 2014) (awarding attorney fees jointly against the defendant and its counsel where counsel failed to reasonably investigate to assure the defendant's compliance with valid request discovery request)).  A party's refusal to provide the discovery at issue on a request for Rule 37(a)(1)(A) sanctions is substantially justified is "'where a genuine dispute existed,'" "'if reasonable people could differ as to the appropriateness of the contested action,'" or "if there is an objectively reasonable basis" for the party's failure to respond. *Scott-Iverson v. Indep. Health Ass'n, Inc.*, 2016 WL 1458239, at *2 (W.D.N.Y. Apr. 14, 2016) (quoting *Parsi v. Daioleslam*, 778 F.3d 116, 126 (D.C.Cir. 2015) (internal citations omitted)).  A good faith, subjective, belief that a party's refusal was justified is not sufficient.  *See S.E.C. v. Yorkville Advisors, LLC*, 2015 WL 855796, at *7 (S.D.N.Y. Feb. 27, 2015).  An award of Rule 37 (a)(5)(A) sanctions would be unjust where the accused party's failure to comply was the result of factors beyond a party's control.  *See Scott-Iverson*, 2015 WL 1458239, at *3.  Under Rule 37(a)(5)(B), the court is required to grant the prevailing party its expenses incurred in successfully opposing a motion to compel unless the motion was substantially justified.  Under Fed.R.Civ.P. 37(c)(1), similar sanctions are imposed for failure to comply with the disclosures required by Fed.R.Civ.P. 26(a)(1).

(1)     Plaintiff's Motion.

As indicated, Plaintiff's motion demanded Defendants' responses to Plaintiff's document requests pertaining to Defendants' business operations throughout the United

4

States, including specifically with regard to New York State.  Noting Defendants represented Defendants intended to comply with Plaintiff's demands provided the requests were limited to Defendants' contacts within New York State, and not throughout the United States as the TAC also alleged, upon finding the Third Amended Complaint predominately related to Defendants' cigarette shipments to New York State, the undersigned granted Plaintiff's motion but restricted the scope of Plaintiff's requests as Defendants argued.  See D&O at 9.  Thus, Defendants' initial resistance to Plaintiff's requests was substantially justified and no sanctions pursuant to Rule 37(a)(5)(A) should be awarded.[2]  With regard to Plaintiff's motion directed to Defendants' failure to provide sworn answers to Plaintiff's interrogatories particularly regarding the identity of NWS's present ownership, Defendants' response to the OTSC provides no justification for this inadequacy.  Further, with respect to Plaintiff's F.O.B. interrogatory, Defendants assert Defendants' objection was objectively reasonable as it was based on a "differing interpretation[ ] of governing law."  Dkt. 231 at 9.  However, in Defendants' response Defendants fail to point to exactly what "governing law" reasonably supports Defendants' refusal to respond and, accordingly, the court is unable to determine Defendants' failure to answer this interrogatory was substantially justified.  Finally, Defendants' reliance on *Tamas v. Family Video Club, Inc.*, 204 F.R.D. 543 (N.D.Ill. 2015) ("*Tamas*") to support Defendants' refusal to provide contact information for Defendants' witnesses in accordance with Rule 26(a)(1) is, as the D&O explained, D&O

---

[2]  Although, as Plaintiff points out, Dkt. 237 at 6, the OTSC did not specify that Plaintiff should address whether Defendants were entitled to a partial sanction based on Defendants' successful opposition to Plaintiff's motion pursuant to Rule 37(a)(5)(B), as the TAC did refer to Defendants' nationwide business activities, *see* D&O at 9, such that it was at least objectively reasonable that Plaintiff's document requests directed to Defendants' nationwide cigarette sales would also yield information relevant to Defendants' New York State activities, the court finds, contrary to Defendants' Response to Plaintiff's Surreply (Dkt. 241) at 3, Plaintiff's motion had a reasonable basis and therefore was substantially justified.

5

at 11-12, entirely misplaced as the *Tamas* decision is not, as an out-of-circuit decision, entitled to precedential effect in this district and its holding does not find support within the plain language of Rule 26(a)(1).  *Id.*  Accordingly, Defendants' reliance on *Tamas* does not provide substantial justification for Defendants' refusal to provide complete disclosure of witness contact information as Plaintiff's motion sought.  Plaintiff is therefore entitled to an award of expenses related to these issues.

(2)     Defendants' Motion.

In response to the OTSC, Defendants reassert the potential viability of Defendants' putative equitable defenses as a bar to Plaintiff's claims, based on the manufacture, shipment, sale and distribution of Defendants' cigarettes in New York State, *see* Dkt. 231 ("A central issue in the [instant] litigation . . . is whether the State has, and has exercised, the legal authority to regulate such activity in Indian Country.") Dkt. 231 at 5 (underlining added).  Defendants further assert that "[b]ecause of the critical nature of this question, Defendants' attorneys, in good faith, propounded document requests" to elicit evidence to support such defenses.  *Id.*  However, despite Defendants' asserted "good faith," for Defendants' "belief" that Defendants are "entitled" to the requested documents, Dkt. 231 at 6, which is irrelevant to the question of whether Plaintiff's opposition to Defendants' requests was substantially justified, *see Yorkville Advisors, LLC*, 2015 WL 855796, at *7 (a good faith belief in the rationale for a party's refusal to produce discovery insufficient to avoid sanctions pursuant to Rule 37(a)(5)(A)); *Cullins v. Heckler*, 108 F.R.D. 172, (S.D.N.Y. 1985) (genuine dispute regarding possibility of whether the requested party's extensive computer system could produce further information responsive to discovery request did not render the party's initial responses to be made in bad faith and thus did not support award of attorneys

fees), and Defendants' other contentions, Plaintiff's refusal to produce responsive documents based on the irrelevancy of Defendants' request, directed as they were to Plaintiff's previous acknowledgements of Plaintiff's lack of authority to enforce its cigarette excise tax laws and related federal statutes such as the CCTA and the PACT Act against Defendants' contraband cigarette operations in New York State, was substantially justified.  As the TAC and the D&O make plain, Plaintiff's claims are based solely on Defendants' alleged failure to comply fully with New York's cigarette tax and public health laws which require all cigarettes shipped to New York to be processed by state licensed tax agents which affix pre-paid tax stamps permitting the stamped cigarettes to be possessed and sold within New York State.  D&O at 16 (citing N.Y. Tax Law §§ 471, 471-e).  Moreover, the D&O carefully reviewed the Second Circuit's controlling decision in *Oneida Nation of New York v. Cuomo*, 645 F.3d 154, 158 (2d Cir. 2010) ("*Oneida*") upholding Plaintiff's cigarette taxing scheme which allocates the quantity of cigarettes, on which the excise tax was pre-paid, to Indian retailers based on estimated cigarette consumption by the retailer's reservation's purchasers, to assure compliance by Indian retailers with New York's cigarette tax laws requiring non-Indian cigarette retail purchasers to bear the costs of the New York excise tax.  D&O at 16-18. The scheme contemplates such limitation of the retailers' supply will cause the retailers to sell the retailer's limited inventory of taxed cigarettes, for which the wholesaler may receive a refund of the prepaid taxes, only to tax-exempt Indian customers, while requiring non-Indian non-exempt purchasers to pay the tax.  *See* D&O at 16-17. Defendants' business operation is alleged by the TAC to circumvent Plaintiff's cigarette tax scheme by supplying Defendants' untaxed cigarettes to Indian retailers in unlimited quantities for sale to Indians and non-Indians on Indian reservations throughout New

York State thus completely by-passing prepayment of the excise tax by licensed tax agents.  In *Oneida*, the court noted New York's prior forbearance in enforcement of its cigarette tax laws upon Indian retail cigarette sales to non-Indians, beginning in 1988 and ending in 2010, was the result of concerns arising from potential further litigation, threats of civil unrest, and failed negotiations with Indian tribes to facilitate compliance on a cooperative basis with New York cigarette tax laws applicable to non-Indian retail sales, not, as relevant to the instant case, whether the Plaintiff lacked authority, *i.e.*, a legal, not a factual question appropriate for discovery, to pursue enforcement of New York State's cigarette tax laws with respect to such sales.  D&O at 19 (citing *Oneida*, 645 F.3d at 159).

The D&O also carefully analyzed Defendants' asserted equitable defenses, including laches, waiver and estoppel, and found, based on recent Second Circuit caselaw, including *New York v. United Parcel Service, Inc.*, 942 F.3d 554, 599 (2d Cir. 2019), that Plaintiff's litigation to enforce the CCTA and the PACT Act, predicated on N.Y. Tax Laws §§ 471 and 471-e, constituted civil enforcement actions that are not amenable to equitable defenses such as laches or estoppel, as asserted by Defendants, which defenses may be interposed against private litigants and in limited instances against public entities.  D&O at 21 (quoting caselaw).  Remarkably, as with Defendants' motion to compel (Dkt. 212), Defendants' response to the OTSC makes no mention of *Oneida* and ignores the D&O's explanation as to why Defendants' putative equitable defenses are wholly without relevance to the instant matter including that the Plaintiff's forbearance policy dealt with the sale of untaxed cigarettes by Indian retailers, not the primary illegality alleged by Plaintiff in this case.  D&O at 23.  The basic illegality alleged by the TAC at issue here is Defendants' operation of a scheme to avoid New

York's taxing authority over any cigarettes imported by Defendants for resale in New York, unlawful conduct outside the scope of the Plaintiff's defunct, since 2010, forbearance policy, an issue Defendant fails to address in Defendants' response to the OTSC.  Simply put, the court is unable to find that, given the history of the proceedings and the state of the law on these issues prior to Defendants' motion, Defendants could reasonably believe Defendants' document requests directed to Plaintiff's authority to enforce its cigarette tax law scheme as pleaded in the TAC (or, for that matter, by the Second Amended Complaint) had even a reasonably arguable basis in fact or law. Significantly, Defendants' response to the OTSC cites to no judicial authority supporting Defendants' notion that Defendants' equitable defenses, at this time unpleaded in the absence of Defendants' answer to the TAC, have any relevance in the context of this case, and the court's research has found none.  Nevertheless, the Second Circuit "[r]ecogniz[es] the district court's broad discretion to direct and manage the pre-trial discovery process . . . ." *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004). Accordingly, Plaintiff's opposition to Defendants' document requests on this question was substantially justified and Plaintiff is entitled to its expenses in successfully opposing Defendants' motion seeking to compel such production as provided in Rule 37(a)(5)(B).

     Nor would awarding Plaintiff its expenses be unjust.  Defendants posit that as Plaintiff has not moved to strike such defenses from Defendants' answers to the Second Amended Complaint it would create a "perverse incentive" if sanctions were to be awarded to Plaintiff as to do so would, according to Defendants, encourage parties to avoid moving to strike or dismiss questionable defenses to enable a later motion to compel, on disputed discovery related to such defenses, in order to obtain a sanction

9

that would otherwise not be available if the party were to successfully move to strike or dismiss.  Dkt. 231 at 7-9.  Several difficulties with Defendants' novel proposition are apparent.  At the April 28, 2020 conference with the parties, in accordance with Judge Arcara's direction, Dkt. 176, to commence discovery in this case, the Scheduling Order, filed April 28, 2020, based on the conference and as agreed to by the parties, called for discovery to conclude October 30, 2020 (Dkt. 177).  At that time, the undersigned had already filed, on March 10, 2020 (Dkt. 160), a Decision and Order and Report and Recommendation addressing Plaintiff's motions for leave to file the Third Amended Complaint and to strike Defendants' Thirteenth Affirmative Defense, based on the Commerce Clause, pleaded by Defendants in Defendants' Answer to the Second Amended Complaint, which Report and Recommendation remains pending before the District Judge.  In compliance with this court's grant of permission in the March Decision and Order to do so, Plaintiff filed the TAC on March 16, 2020 (Dkt. 164); Defendants thereafter moved, on June 29, 2020, to dismiss the TAC in lieu of an answer (Dkt. 193).  The undersigned's Report and Recommendation recommending denial of Defendants' motion was filed December 15, 2020 (Dkt. 224) and also remains pending.  Discovery by the parties, including the requests at issue,[3] nevertheless continued as the Scheduling Order contemplated without Defendants' requesting a stay of discovery until Judge Arcara acted upon Defendants' motion to dismiss the TAC and the then pending R&R.  Defendants' suggestion that Plaintiff purposefully failed to move to strike the equitable defenses, which Defendants chose not to reassert in an answer to the TAC, is therefore baseless.  Also, courts are quite capable for discerning discovery-related abuses, as Defendants suggested could occur, and the undersigned fails to see any by

---

[3] Defendants' document requests were served April 27, 2020 (D&O at 2) (referencing Dkt. 209-2).

Plaintiff here.  Thus, contrary to Defendants' contention, there is nothing unjust about granting Plaintiff its expenses in connection with its opposition to this part of Defendants' motion.

As to Plaintiff's failure to provide a privilege log in connection with the second category of Defendants' document requests, *i.e.*, documents from several state agencies pertaining to Defendants' manufacture, importation, sales of Defendants' cigarettes in New York State in violation of New York and federal law, and any unpaid related excise taxes Plaintiff alleges are due from Defendants, in response to the OTSC Plaintiff contends (1) Defendants failed to comply with the meet and confer requirement of Rule 37(a)(1), a prerequisite to an award of expenses pursuant to Rule 37(a)(5)(A) and Rule 37(a)(5)(B), (2) no privilege log was required because Plaintiff's non-privilege objections to production, particularly Defendants' Requests Nos. 1, 2, 10, 13, 15 and 28 (*see* Dkt. 209-4), which have not been determined by the court, and (3) any award of Defendants' expenses would, under the circumstances, be unjust as Defendants' have, in sharp contrast to Plaintiff's production of 3,500 documents (including nearly 20,000 pages), produced few, three (including 60 pages) documents responsive to Plaintiff's extensive requests.  Dkt. 232 at 2-3; 8.  According to Plaintiffs, in neither Defendants' June 23, 2020 letter describing Defendants' asserted deficiencies in Plaintiff's initial production nor during two later telephone meet and confer discussions on July 2, 2020 and July 20, 2020, related to this issue did  Defendants demand Plaintiff serve a privilege log.  Dkt. 232 at 4.  Specifically, Plaintiff asserts Defendants made no formal demand for a privilege log until Defendants filed, on October 23, 2020, Defendants' motion to compel.  Dkt. 232 at 5.  Plaintiff also maintains Plaintiff reaffirmed during the conferences Plaintiff's intention to provide a privilege log in support of Plaintiff's

11

objections that may be based on privilege as well as work-product, as Defendants acknowledged in Defendants' motion. Dkt. 232 at 5-6 ("Defendants admit that during both calls 'the State confirmed that it would produce documents . . . [in response to the second category]' . . . and a privilege log . . ..") (referencing Dkt. 209-4 ¶¶ 10-11). Such preliminary discussions, Plaintiff argues, do not satisfy the requirements of Rule 37(a)(1) directed to Plaintiff's service of a privilege log and thus under Rule 37(a)(5)(B) no expenses regarding Plaintiff's submission of a privilege log may be awarded to Defendants. Dkt. 232 at 6 (citing Local R.Civ.P. 7(d)(3) (requiring "details" of the parties' efforts to avoid need for judicial assistance in resolving discovery deputes); *Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.*, 1998 WL 67672, at *3 (S.D.N.Y. Feb. 18, 1998). Accordingly, Plaintiffs contend, Defendants' motion directed to this issue was premature and, as Defendants have failed to demonstrate Defendants' full compliance with Rule 37(a)(1) with respect to the privilege log, provides no ground for an award of Defendants' expenses. Dkt. 232 at 7 (citing *Ampion Corp., v. AXXA Tech, Inc.*, 2019 WL 6320344, at *6 (W.D.N.Y. Nov. 26, 2019) (no award of Rule 37 expenses absent compliance with Rule 37(a)(1))). Plaintiff further contends no privilege log was required until Plaintiff's non-privilege objections to Defendants' second category of document requests were resolved. Dkt. 232 at 7 (quoting *Grand River Enterprises Six Nations v. King*, 2009 WL 63461, at * 4 (S.D.N.Y. Jan. 12, 2009) (responsive party not required to provide privilege log while party's non-privilege objections remained unresolved) (citing *United States v. Philip Morris, Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003)). Finally, Plaintiff submits that given the gross disparity in document production based on Plaintiff's voluminous production in contrast to the paltry production of Defendants (20,000 pages of documents by Plaintiff compared to 60 pages by

Defendants), Dkt. 232 at 8, and in light of the four-month extension of time within which to complete document production recently granted by the court to Defendants in the D&O, D&O at 12-13, it would be patently unjust to sanction Plaintiff with regard to an issue over whether earlier service of Plaintiff's privilege log was required, which log Plaintiff has served on January 14, 2020, Dkt. 232 at 4 n. 4, in compliance with the D&O.

Defendants counter by pointing to the two conference calls conducted in July 2020 in which the need for Plaintiff's privilege log pertaining to Plaintiff's asserted privileged-based objections was raised by Defendants, Dkt. 234 at 2, as sufficient compliance with Rule 37(a)(1).  Defendants further contend that there has been no further effort by Plaintiff to avoid motion practice directed to Plaintiff's failure, as of October 23, 2020, the date of Defendants' motion to compel, to serve the privilege log as Plaintiff represented during the conferences.  *Id.* at 2-3.  Defendants further argue that as Plaintiff's proffered non-privilege objections were not directed to a majority of Defendants' production requests, Dkt. 234 at 3, Plaintiff had no reasonably arguable basis, *i.e.*, substantial justification, for failing to serve Plaintiff's privilege log.  *Id.* Defendants also assert Plaintiff's contention, if accepted, would excuse a responding party's failure to provide discovery through repetitive unfulfilled promises to produce. Dkt. 234 at 3.  Finally, Defendants assert Plaintiff's contention that the dearth of Defendants' production to date demonstrates it would be unjust to award Defendants' expenses based on Plaintiff's delay in serving the proffered privilege log merely rehashes Plaintiff's unsuccessful opposition to Defendants' request that the court extend the period for completion of discovery because of coronavirus issues.  Dkt. 234 at 4.

In all, the court finds the record fails to demonstrate Defendants sufficiently complied with Rule 37(a)(1) with respect to service of Plaintiff's privilege log.  Notably, while the record shows the subject was addressed during the two July 2020 telephone conferences, the record does not indicate the issue was further addressed so as to alert Plaintiff that further delay in service would likely trigger Defendants' motion to compel.  Significantly, Defendants cite to no authority contradicting Plaintiff's position that the pendency of non-privilege objections absolves, at least temporarily, the requested party from the required service of the log thus supporting Plaintiff's failure to do so was at least reasonably arguable.  See Dkt. 232 at 7 (citing *Grand River Enters. Six Nations,* 2009 WL 63461, at * 3).  Rule 37(a)(5)(A) makes clear no expenses may be awarded where the requesting party fails to make a good faith effort to obtain the discovery at issue, here Plaintiff's privilege log.  The court also notes that no formal demand letter from Defendants directing Plaintiff's attention to this issue was sent after the July 2020 telephonic conferences which may have obviated the need for Defendants' motion but would, at a minimum, have more fully satisfied Defendants' obligation under Rule 37(a)(1).  Accordingly, Defendants' request for expenses relating to this issue should be DENIED.

Finally, based on Defendants' failure to address any allocation of responsibility, as the OTSC, in accordance with Rule 37, requested, for Defendants' unsuccessful motion, the court finds Defendants and Defendants' respective counsel shall be equally responsible for payment of the award of Plaintiff's expenses incurred by Plaintiff in opposing Defendants' motions.  *See Scott-Iverson v. Independent Health Ass'n, Inc.*, 2016 WL 1457881, at *4 (W.D.N.Y. Apr. 14, 2016) (where record fails to indicate any basis upon which court may allocate responsibility for Rule 37 sanctions court may

impose liability in equal shares upon sanctioned party and counsel) (citing *Rich Products Corp., v. Bluemke,* 2014 WL 860364, at *6 (W.D.N.Y. Mar. 5, 2014)).

## CONCLUSION

Based on the foregoing, Plaintiff's request for expenses is GRANTED; Defendants' request is DENIED.  Plaintiff shall submit its affidavit of expenses, including reasonable attorneys fees, not later than 30 days from the date of this Decision and Order; Defendants' responses shall be filed within 20 days thereafter; replies may be filed within 10 days.  Oral argument shall be at the court's discretion.
SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  March 12, 2021
        Buffalo, New York