UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STATE OF NEW YORK,

                Plaintiff,

  v.

GRAND RIVER ENTERPRISES SIX NATIONS, LTD.,
NATIVE WHOLESALE SUPPLY COMPANY, INC.,

                Defendants.
_____

**DECISION and ORDER**

**14-CV-910A(F)**

APPEARANCES:      LETITIA A. JAMES
                            New York State Attorney General
                            Attorney for the Plaintiff
                            CHRISTOPHER L. BOYD,
                            LESLIEANN CACHOLA,
                            BRANT B. CAMPBELL,
                            CAROL HUNT,
                            JOHN P. OLESKE,
                            Assistant Attorneys General, of Counsel
                            120 Broadway
                            New York, New York  10271

                            HARTER, SECREST AND EMERY LLP
                            Attorneys for Grand River Enterprises Six Nations
                            JOHN G. HORN, of Counsel
                            50 Fountain Plaza
                            Suite 1000
                            Buffalo, New York  14202-2293

                            LIPPES MATHIAS WEXLER FRIEDMAN LLP
                            Attorneys for Defendant Native Wholesale Supply
                            SCOTT S. ALLEN,
                            MICHAEL G. ROSSETTI,
                            DENNIS C. VACCO, of Counsel
                            1400 Liberty Building
                            Buffalo, New York   14202


In this action alleging Defendants violated federal and New York state law by importing and distributing into and within New York State substantial quantities of untaxed cigarettes, seeking payment of the unpaid taxes, fines, penalties and injunctive

relief, by papers filed April 18, 2022, Plaintiff moves pursuant to Fed.R.Civ.P. 26(d)(3), 30 and 37 (Dkt. 295) ("Plaintiff's motion").  Defendants' opposition was filed April 29, 2022 (Dkt. 297); Plaintiff's reply was filed May 4, 2022 (Dkt. 299).  Oral argument was deemed unnecessary.

Specifically, Plaintiff requests an order compelling the attendance of several of Defendants' witnesses as required by Plaintiff's Notices of Depositions for Steve Williams, president of Defendant GRE, served by Plaintiff on March 9, 2022, and on March 29, 2022 for Bryan Porter, Chief Financial Officer of Defendant GRE, Elmer Steeprock, president and secretary of Defendant NWS, Erlind Hill, general manager of NWS, Ron Ruffino, controller of NWS, and Tricia Thomas, an NWS employee.  The depositions were noticed to commence with Mr. Hill's on April 19, 2022; Mr. William's deposition was noticed for March 30, 2022 but was adjourned by the parties.  By e-mails dated April 6 and April 12, 2022, Plaintiff advised Defendants of Plaintiff's intention to proceed with the noticed depositions of Defendants' witnesses to assure completion of discovery by June 30, 2022 as required by the Third Amended Scheduling Order (Dkt. 292), and inquired whether the witnesses were expected to attend in accordance with the notices or, if not, that Defendants should propose alternative dates for the depositions.  Defendants, however, refused to confirm the appearances of the Defendants witnesses asserting Defendants were entitled to a "priority of examination" by virtue of having preceded Plaintiff in commencing deposition practice by service on January 14, 2022, of Notices of Depositions for six Plaintiff's witnesses with knowledge of Plaintiff's investigation of Defendants' cigarette importing and distribution operation, and the Defendants' consent to Plaintiff's request for a further amendment to the Second Scheduling Order extending the discovery conclusion date

by five months, and with the Plaintiff's agreement that Defendants would not withdraw Defendants' previously served deposition notices. Plaintiff contends no priority of examination is available to Defendants based on stipulation or considerations of fairness under Rule 26(d)(3). Dkt. 295-1 at 2; Dkt. 299 at 2.

Preliminarily, the court notes Defendants' motion is premature as, if a notice is technically valid, the witness is required to appear absent a timely motion for a protective order pursuant to Fed.R.Civ.P. 26(c). *See* Baicker-McKee and Janssen, FEDERAL CIVIL RULES HANDBOOK (Thomson Reuters 2022) at 856 n. 49 (citing caselaw). *See also Roth v. 2810026 Canada Limited Ltd.*, 2016 WL 5745162, at *2 (W.D.N.Y. Oct. 24, 2016) (awarding sanctions based on plaintiff's successful motion to compel defendant's deposition where defendant's refusal to respond to plaintiff's deposition notices requiring plaintiff's motion was not substantially justified). In the present circumstances, where no actual depositions were expected to take place, the court should consider Defendants' response (Dkt. 297) to Plaintiff's motion tantamount to a motion for a protective order thereby providing an additional basis for relief and avoiding an unnecessary dismissal of Plaintiff's motion and a later filing of a formal motion for a protective order by Defendants. *Cf., Pritchard v. County of Erie*, 2006 WL 2927852, at ** 3-4 (W.D.N.Y. Oct. 12, 2006) (denying the plaintiff's motion for an advisory opinion regarding the scope of depositions and for the court to supervise deposition in anticipation that witness would fail to cooperate at deposition where the plaintiff presented the issue "in a vacuum" which did not allow the court to render the requested opinion). Here, there is no question that Defendants will not comply with Plaintiff's notices without this court's intervention. Although Plaintiff did not specifically move for a protective order, the arguments raised in the parties' papers strongly suggest that a


protective order is contemplated by the parties.  Significantly, "the federal rules give district courts broad discretion to manage the manner in which discovery proceeds."  *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003).  Accordingly, the court entertains Plaintiff's motion as an acceptable predicate for the requested relief.

      Defendants' opposition and refusal to comply with Plaintiff's notices is seriously flawed for several reasons.  First, as Rule 26(d)(3) (since 1970) provides that, absent a stipulation by the parties or an order of the court that provides otherwise based on the convenience of the parties and witnesses and in the interests of justice, all discovery methods, including depositions, in federal civil cases "may be used in any sequence." Rule 26(d)(3) further provides, as applicable to the contentions of the parties in this case, the "discovery [*i.e.*, depositions] by one party does not require any other party to delay its discovery."   Fed.R.Civ.P. 26(d)(3).  *See Middlesex Mut. Assurance Co. v. Britton*, 2018 WL 746982, at ** 2-3 (W.D.N.Y. Feb. 7, 2018) (denying defendant's motion urging the court to exercise its discretion and prioritize the defendant's deposition of the plaintiff first "in the interest of justice and fundamental unfairness"); *Roth*, 2016 WL 5745162, at **1, 2 (W.D.N.Y. Oct. 24, 2016) ("Defendants were not entitled to a priority with respect to the scheduling and conduct of [p]laintiff's depositions prior to conducting of [d]efendants' depositions."); *Occidental Chem. Corp. v. OHM Remediation Servs.*, 168 F.R.D. 13, 14-15 (W.D.N.Y. 1996 (although it is within the trial judge's discretion to order the sequence of discovery, the defendant, as the party who originally noticed the deposition of the plaintiff's former employee, would be permitted to depose the witness first rather than the plaintiff who, subsequent to the defendant's service of the deposition notice on plaintiff's former employee, learned the plaintiff's former employee had a change in attitude causing the plaintiff to seek to subpoena such

witness for deposition as a hostile witness before the defendant deposed the witness).

A careful review of the record on Plaintiff's motion also demonstrates that although Defendants contend Plaintiff agreed to Defendants' priority of scheduling Defendants' depositions based on Defendants' agreement to adjourn Plaintiff's notices, *see* Dkt. 297 at 6 (Defendants' agreement was on "condition that Defendants preserve their priority"), this assertion is without support in the record; moreover, the court's review of the record indicates Defendants at no time demanded such an agreement be formalized as a condition to Defendants' consent to Plaintiff's request to extend the discovery period or to commence preliminary settlement discussions.  Defendants thus rely only upon the court's discretion to grant a priority in the interest of justice, including considerations of fairness, arising from the particular circumstances of the case.  *See, e.g., Occidental Chem. Corp.,* 168 F.R.D. at 15 (fairness required granting priority of deposition to party which had first noticed a witness who later turned hostile).

For purposes of Rule 23(d)(3), a modification of its no-priority general rule based on interest of justice must include some reason to satisfy the "interest of justice" exception.  *See Britton*, 2018 WL 746982, at *3 (denying defendant's motion for court order permitting defendant to conduct depositions before plaintiff because although when contested, the sequence of discovery is at the court's discretion, the present record presented "no inherent reason why one party should go before the other").  In this case, the court fails to see how allowing Plaintiff's depositions to proceed as noticed works any palpable unfairness on Defendants.  If priority of depositions was of such import to Defendants, as Defendants now assert, Defendants could have demanded an enforceable stipulation to protect Defendants' litigation interests, but did not.  Defendants' cooperation in amending the scheduling order without forcing Plaintiff to

5

resort to motion practice and initiating settlement discussions is, of course, commendable but such cooperative conduct does not override Plaintiff's entitlement to proceed with Defendants' several depositions at this time as permitted by Rule 26(d)(3). Significantly, Defendants do not claim Plaintiff is guilty of litigation misconduct with regard to this issue. Finally, in this case, the interests of justice will be best served if discovery proceeds and is completed without undue delay.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Dkt. 295) is GRANTED; Defendants shall, as required by Rule 37(a)(5)(A), show cause not later than 10 days from this Decision and Order why Plaintiff's reasonable expenses in connection with the motion should not be awarded; Plaintiff's response shall be filed within 10 days; Defendants' reply, if any, shall be filed within five days; oral argument shall be at the court's discretion.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  May 11th, 2022
            Buffalo, New York